## B. F. GOODRICH CO. v. CLOSGARD WARDROBE CO.

Court of Customs and Patent Appeals. February 6, 1930.

Patent Appeal No. 2158.

Pierson, Eakin & Avery, of Akron, Ohio (Willard D. Eakin, of Akron, Ohio, of counsel), for appellant.

Edwin S. Clarkson, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge. This is a trade-mark case involving use of the word "zipper."

In May, 1926, appellee filed with the Commissioner of Patents a declaration of the adoption and use of the word "zipper" as a trade-mark for wardrobe bags, in class 2 receptacles, and applied for registration in accordance with the Act of February 20, 1905 (33 Stat. 724) as amended (15 USCA § 81 et seq.). This declaration, which was amended in July, 1926, alleged that the trade-mark had been "continuously used and applied to applicant's goods since April 1, 1925."

In October, 1926, the application was passed to publication and published November 9, 1926. O. G. vol. 352, No. 2,302.

November 19, 1926, appellant filed with the Commissioner notice of opposition.

April 21st appellee entered a motion to dismiss the opposition, which upon being heard on May 12, 1927, before the Examiner of Interferences, was allowed. The case was appealed to the Commissioner, and on October 31, 1927, the Commissioner's decision affirming the decision of the Examiner was rendered. Appeal was thereupon taken by the opposer, and thus the matter comes before this court.

In its notice of opposition, appellant alleges that on April 7, 1925, it obtained registration, No. 197,090, of the word "zipper" as a trade-mark for "boots made of rubber and fabric"; that it has continuously and very extensively used the word, in interstate commerce, as a trade-mark for "boots made of rubber and fabric, and more especially overshoes made of rubber and fabric," from about June 13, 1923; that it has widely popularized the word; that boots and overshoes are articles of clothing and wardrobe bags are closely related to and associated in the minds of the public with clothing; that the course of trade is similar, to a large extent the same, with reference to the respective articles; that its goods have contained slide fasteners as component parts thereof; that

it understood appellee's goods contained similar slide fasteners; and that the use of the word by appellee would damage appellant in various ways, such as causing confusion of trade, diluting the popularity of appellant's trade-mark, subtracting from the established good will of appellant, unwarrantedly lessening the distinctiveness of appellant's trade-mark, likely causing members of the public to assume a business connection between appellant and appellee, and tending to cause the word "zipper" to become a generic name for slide fasteners, without justification and to opposer's damage.

The slide fastener, which we understand both parties to the instant controversy to be using, was a patented invention, but the patent long since expired, so that the article is now subject to use by the public upon any and all goods to which it may be thought suitable. The name "zipper" does not appear upon the slide fastener itself. The certificate of registration to appellant states that "the trade-mark is applied by printing it on a label applied to the box in which the boots are sold." The statement of appellee in its application says that in its case "the trade-mark is applied or affixed to the goods, by placing thereon a printed label on which the trade-mark 'zipper' is shown."

An examination of the reproductions of the designs used by the respective parties in their utilization of the word does not show any similarity, which would cause the design of one party to be mistaken for, or confused with, the design of the other party, and we do not understand any allegation that such is the case as made. It is the use of the word itself to which appellant makes objection.

It does not seem to us that the goods of the respective parties can be held to be of the same descriptive properties, in the sense of the statute. Boots and shoes and overshoes are articles of clothing and "wardrobe bags" suggests the idea of the bags being utilized as receptacles or protectors for some articles of clothing, but hardly for boots, shoes, or overshoes. The relation is too remote. The only physical element common to the goods is the type of slide fastener, and we should be unwilling to hold that this element served to render them "of the same descriptive properties"; they being in all other respects wholly dissimilar.

Numerous authorities were cited in the briefs and oral arguments of the respective parties, and these we have carefully examined, greatly to our interest and instruction, but we find none which we think would justify the holding for which appellant contends. Upon the contrary, the weight of authority appears to be in support of the decisions of the Patent Office tribunals. Johnson Educator Food Co. v. Sylvanus Smith & Co., Inc., 37 App. D. C. 107, 175 O. G. 268; Quaker Oats Co. v. Mother's Macaroni Co., 41 App. D. C. 254, 198 O. G. 899; Rockwood Pottery Co. v. A. Wilheim Co., 43 App. D. C. 1, 212 O. G. 1691; Denver Gas & Electric Light Co. v. Alexander Lumber Co., 50 App. D. C. 207, 269 F. 859, 283 O. G. 182; and many others cited in their decisions appear to be in point.

The decision of the Commissioner is affirmed.

Affirmed.